IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GUGGENHEIM FUNDS INVESTMENT ADVISORS, LLC, RANDALL C. BARNES, ANGELA BROCK-KYLE, THOMAS F. LYDON, JR., RONALD A. NYBERG, SANDRA G. SPONEM, RONALD E. TOUPIN, JR., and AMY J. LEE, | § § § § § § § § § | No. 88, 2023<br><br>Court Below—Court of Chancery of the State of Delaware<br><br>C.A. No. 2021-1094 |
| Defendants Below, Appellants, | § § § | |
| v. | § § | |
| JB and MARGARET BLAUGRUND FOUNDATION, | § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: March 20, 2023
Decided: March 30, 2023

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and the exhibits, it appears to the Court that:

(1) This interlocutory appeal arises from the Court of Chancery's denial of a motion to dismiss. Plaintiff Below-Appellee JB and Margaret Blaugrund Foundation ("Plaintiff"), a former stockholder of Fiduciary/Claymore Energy Infrastructure Fund ("the Fund"), filed an amended complaint asserting direct and

derivative claims against Defendant Below-Appellee Guggenheim Funds Investment Advisors, LLC, the Fund's investment advisor, and the individual defendants below-appellees, who were members of the Fund's Board of Trustees (collectively, "Defendants"). Plaintiff alleged that Defendants' reckless management of the Fund resulted in the Fund losing approximately 80% of its net assets in February and March 2020 and adjusting its net asset value down by more than 40% in November 2020 because of a tax error.

(2) After the Fund issued supplemental disclosures regarding a merger and merged into another investment fund, Plaintiff had only one remaining claim—that Defendants breached their fiduciary duties by failing to obtain any value for the derivative claims as part of the merger. Defendants moved to dismiss, arguing that Plaintiff's claim was barred by the fully informed and uncoerced stockholder vote approving the merger under *Corwin v. KKR Fin. Holdings LLC*[1] and failed to state a claim.

(3) In a bench ruling, the Court of Chancery held that, even assuming *Corwin* applied, it was reasonably conceivable at the pleading stage that based on the unusual facts of the case the merger vote was structurally coerced. Without a cleansing vote, the court found that it was reasonably conceivable entire fairness

---

[1] 125 A.3d 304 (Del. 2015).

applied to the merger and that it was reasonably conceivable Defendants breached their fiduciary duties of care and loyalty. The court therefore denied Defendants' motion to dismiss.

(4) On March 6, 2023, Defendants filed an application for certification of an interlocutory appeal. Plaintiff opposed the application. On March 17, 2023, the Court of Chancery denied the application for certification.

(5) In denying certification, the court first found that the interlocutory order did not decide a substantial issue of material importance because it did not adjudicate the merits of Plaintiff's breach-of-fiduciary claim. The court next considered the Rule 42(b)(iii) criteria that Defendants relied upon. As to Rule 42(b)(iii)(A) (a question of law resolved for the first time), the court rejected Plaintiff's characterization of the interlocutory order and found that the order simply applied settled precedent to unusual facts. The court also rejected Plaintiff's reliance on Rule 42(b)(iii)(B) (conflicting trial court decisions on the question of law) because the outcome of the order was the result of the unusual fact pattern, not the application of different legal standards. The court recognized that interlocutory review could terminate the litigation under Rule 42(B)(iii)(G), but that was the case with every order denying a motion to dismiss and was insufficient by itself to justify interlocutory review. As to Rule 42(B)(iii)(H) (review of the interlocutory order may serve of considerations of justice), the court found that interlocutory review of

the fact-intensive, pleading stage analysis in the order would not clarify the law for business and legal communities as Defendants contended.

(6)     Applications for interlocutory review are addressed to the sound discretion of the Court.[2]  In determining whether to accept an interlocutory appeal, this Court may consider all relevant factors, including the trial court's decision about whether to certify an interlocutory appeal.[3]  We agree with the Court of Chancery that the Rule 42(B)(iii) criteria, with the exception of Rule 42(B)(iii)(G), do not weigh in favor of interlocutory review and that the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] Supr. Ct. R. 42(d)(v).
[3] *Id.*